[Civ. No. 8920.   First Appellate District, Division One.—September 21, 1933.]

E. J. VOGEL, Appellant, v. FRANK D. WHITE, Respondent.

E. J. Vogel, *in pro. per.*, for Appellant.

Winston C. Black and Cullinan, Hickey & Sweigert for Respondent.

TYLER, P. J.—Appeal from a judgment entered upon an order sustaining a demurrer of respondent to an amended complaint without leave to further amend.

The complaint in substance alleged defendant to be the chief engineer of the state harbor commission, and that he is the appointing power of persons under his control, and is authorized to pay compensation for the actual value of any service rendered under his appointment or employment. It then alleges that defendant employed plaintiff as engineering draftsman in the engineering department of the state harbor commission at the stipulated salary of $135 per month; that subsequently plaintiff was transferred to the architectural department, where he continued to receive and accept the salary above mentioned as compensation for his services; that plaintiff continued in his new employment for a period of eleven months, at which time he concluded that the work he had been performing entitled him to be classified as a senior architectural draftsman, and that as such he was entitled to be paid more than $135 per month during the eleven months' period; that he was kept in ignorance of the fact that his services were worth more than he was being paid; that the reasonable value of such services rendered during the eleven months' period was $300 per month—a difference of $1815 over and above the amount received, for which sum judgment was prayed.

The grounds of the demurrer were that the only contract set forth in plaintiff's complaint was for employment at the rate of $135 per month, which salary had been paid, and that no other contract, express or implied, is alleged; that an employee whose compensation has been fixed by express contract may not, where the contract has been fully performed, sue for an alleged reasonable value of the services in excess of the stipulated amount; that the complaint on its face shows that the contract of employment at $135 per month was made by defendant not on his own behalf or individually, but on behalf of the state harbor commissioners, officially as the board's representative; and there is, therefore, no allegation in the complaint upon which to base any personal liability on the part of defendant.

We are of the opinion that the complaint fails to state a cause of action and that the demurrer thereto was properly sustained.

It is expressly alleged in the complaint that defendant offered to plaintiff and plaintiff accepted appointment and employment as engineering draftsman at a salary of $135

per month, and that this amount was paid. ▇ An officer who accepts an office at a fixed salary or compensation is deemed to undertake to perform the duties thereof for such stipulated salary, though it be inadequate; and if the proper authority increases his duties by the addition of others germane to the office the officer must perform them without extra compensation (*Kilroy* v. *Whitmore*, 115 Cal. App. 43 [300 Pac. 851]). He cannot legally claim additional compensation for the discharge of those duties, even though the salary may be a very inadequate remuneration for the work now required of him. ▇ Whenever he considers the compensation inadequate he is at liberty to resign (Mechem on Public Officers, sec. 862). This being so, the question as to who was the proper appointing power becomes unimportant, as the complaint states no cause of action, and the demurrer thereto was properly sustained.

Judgment affirmed.

Knight, J., and Cashin, J., concurred.