[Civ. No. 10222.   Third Dist.   Jan. 22, 1962.]

DORTHA BARRY et al., Plaintiffs and Appellants, v. DE-
PARTMENT OF PUBLIC WORKS et al., Defendants
and Respondents.

Carr & Kennedy and Laurence J. Kennedy, Jr., for Plain-
tiffs and Appellants.

Robert E. Reed, Harry S. Fenton, Warren F. Marsden,
Richard C. East and John W. Anderson for Defendants and
Respondents.

PIERCE, J.—Plaintiffs appeal from a summary judgment in favor of defendant Department of Public Works of the State of California in an action brought to enjoin said department from diverting a small portion, 8.10 acres of 2,400 acres, of Bidwell Park in Butte County, from park purposes to a freeway, a part of U. S. 99E, making a transverse crossing of the park.

The summary judgment was based upon Streets and Highways Code section 103.5 which specifically provides:

"The real property which the department may acquire by eminent domain, or otherwise, includes any property dedicated to park purposes, however it may have been dedicated, *when the commission has determined by such resolution that such property is necessary for State highway purposes.*" (Emphasis ours.)

This section was construed in *People* v. *City of Los Angeles* (April 1960), 179 Cal.App.2d 558 [4 Cal.Rptr. 531], an action which similarly involved condemnation of a portion of Griffith Park in Los Angeles for freeway purposes, to mean that the State Highway Commission's resolution of necessity was final and presented no justiciable issue.

Here, the State Highway Commission did adopt the resolution of necessity; appellants do not question the applicability of *People* v. *City of Los Angeles, supra,* to the facts of this case, and do not deny that the summary judgment was proper under the rule of that case; but they urge us to overrule it, contending that said section 103.5 does not authorize a determination of greater necessity by the commission which the courts cannot review.

When petition for a hearing by the Supreme Court in *People* v. *City of Los Angeles, supra,* was made, the attorneys for appellants here filed an amicus curiae brief in support of that petition. In this brief they raised substantially the same arguments as those raised here. The petition was denied.

It is stated by the Supreme Court in *Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], at page 351 (quoting from *Eisenberg* v. *Superior Court,* 193 Cal. 575, 578 [226 P. 617]):

" 'The order of this court denying a petition for a transfer . . . after . . . decision of the district court of appeal may be taken as an approval of the conclusion there reached, but not necessarily of all of the reasoning contained in that opinion.' "

The Supreme Court having considered the same arguments which are now made to us, and having, by denial

of hearing, apparently found them unconvincing, the appellants here are asking us not only to overrule the District Court of Appeal, Second District, Division One, but also effectually to overrule the Supreme Court. This we cannot do.

█ We believe, moreover, that the decision in *People* v. *City of Los Angeles, supra,* is correct. In that case appellant relied upon a general statute, Code of Civil Procedure, section 1240, subdivision 3, which requires, before diverting property already devoted to one public use from that use to another, a determination that the latter is a more necessary public use. The contention was made that this forbade the taking of any part of Griffith Park for highway purposes, absent a determination, presumably judicially, that the state highway was a more necessary public use than the park. It was held in *City of Los Angeles, supra,* however (on p. 564), that Streets and Highways Code section 103.5 (quoted above), being a statute of specific authorization "controls the former general provision" (Code Civ. Proc., § 1240, subd. 3, citing *Rose* v. *State,* 19 Cal.2d 713 [123 P.2d 505]), and that said section expressly empowers the Department of Public Works to acquire park property for highway purposes whenever the State Highway Commission determines by resolution that such property is necessary therefor.

It also held, under the authority of *People* v. *Chevalier,* 52 Cal.2d 299 [340 P.2d 598], that the recitation of public necessity in the commission's resolution was conclusive and cannot be made a justiciable issue even though fraud, bad faith, or abuse of discretion, may be alleged. (*People* v. *City of Los Angeles, supra,* at page 568.)

It is the theory of appellants here that although the *Chevalier* decision may reason soundly in giving conclusive effect to the resolution of necessity where condemnation of private property is involved, the rule cannot be applied where the property to be condemned is already devoted to a public use. Appellants argue that the vice in the holding in *People* v. *City of Los Angeles, supra,* is in the "presumption" that one public use (highway) is more necessary than another (park).

The court in *City of Los Angeles, supra,* however, merely found a clear legislative delegation in Streets and Highways Code section 103.5 to the State Highway Commission of the exclusive authority to *make* the determination of "more necessary use" by resolution with no authorization to the court to review such determination. We read the section the same way. Had section 103.5 provided only that the department

might acquire, for state highway purposes, property already dedicated to park purposes, it could reasonably be contended that such right of acquisition is to be conditioned upon the determination, presumably by a judicial hearing under Code of Civil Procedure section 1240, subdivision 3 and section 1241, subdivision 3, that the highway purpose is more necessary than the park purpose. But section 103.5 further provides expressly that the park property shall be so acquired "when the commission has determined by such resolution that such property is necessary for State highway purposes." This language leaves no room to insert, judicially, any further authorization for court review.

In *People* v. *Chevalier, supra,* it is said on page 306 (quoting from a note in 22 L.R.A. N.S. 64, at p. 71) :

" '. . . In general, courts have nothing to do with questions of necessity, propriety, or expediency in exercises of the power of eminent domain. They are not judicial questions . . . it is within the exclusive province of the Legislature to pass upon the question of necessity for appropriating private property for that use, unless the question of necessity has been made a judicial one, either by the Constitution or by statute.' "

The matter is expressed in 1 Nichols on Eminent Domain (3d ed.) section 4.11, page 376, as follows:

"When the legislature has authorized the exercise of eminent domain in a particular case, it has necessarily adjudicated that the land to be taken is needed for the public use, and no other or further adjudication is necessary . . .

". . . The real reason of the rule is simple enough; the courts have no power to revise any enactment of the legislature unless it violates some clause of the constitution."

This statement refers to the condemnation of *private* property, as does the decision in *Chevalier*. We conceive it to be no less a matter of legislative prerogative, however, where the property is already applied to another public purpose. On the contrary it is stated in 1 Nichols on Eminent Domain (3d ed.) section 2.2, page 132:

"If the sovereign, such as the state or the United States on its own behalf and for its own sovereign purposes, seeks to acquire such property [i.e., property already devoted to a public purpose] by eminent domain, the character of the 'res' as public property, generally, has no inhibiting influence upon the exercise of the power."

Where the Legislature limits the right of diversion of public property to another use by requiring that there be a determination that the new proposed use be a more necessary one but does not repose the right in any designated agency to make that determination, then presumably the task of determination would fall upon the courts since no such power could be implied to exist in the condemning agency any more than in the agency whose property is to be taken. We say "presumably," since the question has apparently not been decided. It is not before us and we are not called upon to, and do not, decide it here.

The reason it is not before us is that the Legislature here *has* specifically designated the State Highway Commission as the arm of sovereignty which shall determine when park property is to be taken for state highway purposes.

Appellants cite Streets and Highways Code section 30401, a part of the Toll Bridge Authority Act which provides that:

"In eminent domain proceedings to acquire property for any of the purposes of this chapter, any toll bridge . . . or other property . . . appropriated or dedicated to a public use . . . may be condemned and taken, and the acquisition and use thereof as provided in this chapter . . . shall be deemed a superior and permanent right and necessity, and a more necessary use and purpose than the public use to which such property has already been appropriated or dedicated."

Appellants argue from this that had the Legislature by section 103.5 intended the same result it would have used the same or similar language.

We may concede that the language of the Toll Bridge Authority Act is more explicit but the legislative intent here, in fewer words, is not obscure. When it says in section 103.5 that park property may be acquired by eminent domain "when the commission has determined by . . . resolution that such property is necessary for State highway purposes" the phrase necessarily embraces a determination of "a more necessary use and purpose than the public use" for park purposes.

Appellants also contend that inclusion of the provision in Streets and Highways Code, section 102, that the department may condemn "under the provisions of the Code of Civil Procedure relating to eminent domain" carries with it the requirement of compliance with Code of Civil Procedure sections 1240, subdivision 3 and 1241, subdivision 3, calling for a determination of a more necessary public use as a condition

to the right of condemnation. But, as we have construed code section 103.5 above, there has been such determination—by the highway commission, the state agency in whom the Legislature has reposed the exclusive right to decide the matter.

The judgment is affirmed.

Peek, P. J., and Schottky, J., concurred.