(No. 36404.— )

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* LAWRENCE H. ELLS *et al.*—(THE BOARD OF EDUCATION OF BIG HOLLOW SCHOOL DISTRICT *et al.*, Appellees.)

*Opinion filed January 23, 1692.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES and AUBREY KAPLAN, Assistant Attorneys General, of counsel,) for appellant.

J. E. BAIRSTOW, of Waukegan, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is whether the General Assembly has authorized the Department of Public Works and Buildings to condemn school district property for highway purposes. The circuit court of Lake County held that such authority had not been granted to the Department and dismissed its petition to condemn the school property. The Department has appealed directly to this court. Ill. Rev. Stat. 1961, chap. 47, par. 12.

The Department's petition was based on section 4—501 of the Highway Code, which authorizes it to acquire, by purchase or by eminent domain, "any land, rights, or other property necessary for the construction, maintenance or operation of State highways." (Ill. Rev. Stat. 1961, chap. 121, par. 4—501.) It contends that this provision authorizes it to acquire school property by eminent domain. We think that the trial court properly rejected this contention.

The proposition that a general grant of the power of eminent domain does not authorize the condemnation of property already devoted to a public use is well established. It was applied in *Illinois Central Railroad Co.* v. *Chicago,*

*Burlington and Northern Railroad Co.* 122 Ill. 473, where one railroad sought to condemn the property of another in *City of Moline* v. *Greene,* 252 Ill. 475, where the city sought to condemn the property of a public library board for street purposes, and in *City of Edwardsville* v. *County of Madison,* 251 Ill. 265, where the city sought to condemn, for street purposes, a strip of land through the county poor farm. See also, 1 Nichols, Eminent Domain, 3rd ed., sec. 2.2(1).

Where the legislature has intended to confer the power to condemn property already devoted to a public use, it has done so explicitly. The Illinois State Toll Highway Commission, for example, is authorized to acquire by eminent domain "any real or personal property (including road building materials and public lands, parks, playgrounds, reservations, highways or parkways, or parts thereof, or rights therein, of any person, railroad, public service, public utility, or municipality or political subdivision) necessary or convenient for its authorized purpose." (Ill. Rev. Stat. 1961, chap. 121, par. 314a32.) That statute further provides: "Where property owned by a municipality or political subdivision is necessary to the construction of an approved toll highway, if the Commission cannot reach an agreement with such municipality or political subdivision and if the use to which the property is being put in the hands of the municipality or political subdivision is not essential to the existence or the administration of such municipality or political subdivision, the Commission may acquire the property by condemnation." (Ill. Rev. Stat. 1961, chap. 121, par. 314a33.) Similar express authority has been conferred upon park districts in connection with the construction of elevated pleasure highways and boulevards. Ill. Rev. Stat. 1961, chap. 105, par. 327h.

No comparable authority has been conferred upon the Department of Public Works and Buildings. That the Department has only "such powers of eminent domain as are

given it by the legislature" is not open to question. *Noorman v. Department of Public Works and Buildings,* 366 Ill. 216, 220; *Department of Public Works and Buildings* v. *Schlich,* 359 Ill. 337; *Department of Public Works and Buildings* v. *Ryan,* 357 Ill. 150.

In this court the Department contends that the Department, "being an agency of the State charged with the duty of building a Statewide network of hard roads, financed in part with Federally granted funds, and the school district being a local district, the Department's right to condemn this tract of land is paramount and is superior to the school board's right to retain the land as a matter of law." The authorities to which we have referred, upon which the trial court relied, are sufficient to dispose of this contention. Those authorities are neither challenged nor discussed. They are not mentioned. Instead, the Department cites Federal statutes which authorize the Secretary of Defense, upon request by a State, to acquire lands by eminent domain, and Federal cases dealing with the authority of the United States to condemn. These statutes and decisions might be relevant if the Federal government had sought to acquire this land, but it has not.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*