[Civ. No. 41317. Second Dist., Div. One. Nov. 7, 1973.]

MARVIN J. MARKMAN, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Bruce P. Wolfe for Plaintiff and Appellant.

John D. Maharg and John H. Larson, County Counsel, Fred W. Clough and Joe Ben Hudgens, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

LILLIE, J.—Plaintiff brought this action to recover compensation for overtime while working as a deputy sheriff for defendant county, for which he had been unable to take equivalent time off. The trial court denied recovery and entered a judgment in defendant's favor; plaintiff appeals therefrom.

The facts are established by stipulation. Plaintiff was employed as a deputy sheriff by defendant from November 29, 1957, until some time in May 1966, when he voluntarily terminated his employment. During the years 1960 through 1965, inclusive, he was required by the nature of his duties, translated into specific orders by his superiors which plaintiff had no power to refuse to obey, to work a total of 1,191 hours overtime[1] for which he was never compensated. During these years Los Angeles County Ordinance Number 6222, specifically section 130 thereof, provided that whenever any person employed by defendant county was compelled to work overtime he was entitled to equivalent time off, but most of this reciprocal time had to be taken in the same calendar year the overtime had occurred. A carryover to a maximum of 18 days (144 hours) was permitted subject to the approval of plaintiff's superiors, but even this had to be taken as time off within the next calendar year. Any overtime not converted into commensurate time actually taken off under the foregoing

---

[1]Two hundred thirty-nine hours in 1960; 18 hours in 1962; 521 hours in 1963; 238 hours in 1964; and 175 hours in 1965.

formula was, in the express language of section 130 of the ordinance, "lost."[2]

Under section 135(1)[3] monetary payment for overtime was permitted only if authorized by the county's chief administrative officer prior to the time actually worked; plaintiff concedes that no such authorization had ever been given respecting any of the overtime hours at issue. Because of the press of his duties, as scheduled by his superiors, and wholly without neglect on his part plaintiff was unable to take equivalent time off for any of the 1,191 overtime hours at issue pursuant to the requirements of the subject ordinance. Thus he brought the within action seeking monetary compensation for said overtime in a sum based upon his regularly hourly wage prevalent at the times these overtime hours were accumulated.

Appellant convincingly argues that if he is not permitted to recover a monetary judgment against defendant he will be penalized for something beyond his control because during the working years at issue he would have taken time off equivalent to the overtime hours had he been permitted to do so by his superiors. However, under the provisions of the subject ordinance, as construed in the light of definitive statutory and case law authority, we are compelled to agree with the finding of the trial court that plaintiff is not entitled to recover in lieu of time off not taken regardless of the obvious hardship of such a result.

The terms and conditions relating to employment by a public agency are strictly controlled by statute or ordinance, rather than by ordinary contractual standards; and one who accepts such employment, thereby benefiting in ways denied an employee of a private employer, must in turn relinquish certain rights which are enjoyed by private employees (*City of*

---

[2]"Section 130. LEAVE OF ABSENCE WITH PAY FOR OVERTIME WORKED

"Whenever any person employed by the County is compelled to render overtime service, the department head may allow such person a leave of absence with pay for a period of time equal to the overtime worked. Such leaves of absence are limited by the following condition:

"Whenever any person is unable to take a leave of absence for overtime service in the same calendar year during which the overtime is earned, such overtime may be carried over, not to exceed 18 days, but must be taken during the next succeeding calendar year or the same is lost."

[3]"Section 135. COMPENSATED OVERTIME

"In lieu of a leave of absence with pay, overtime service may be compensated for only under the following conditions:

"(1) The department head must notify the Chief Administrative Officer in writing of the conditions requiring a program of paid overtime prior to the time such overtime is to be worked. Such notification must include the number and titles of positions affected, the anticipated period during which overtime will be required, and the reasons for such overtime."

*San Diego* v. *American Federation of State etc. Employees,* 8 Cal.App.3d 308, 312-313 [87 Cal.Rptr. 258]), one such disability being that the public employee is entitled only to such compensation as is expressly provided by statute or ordinance regardless of the extent of services actually rendered. (*County of San Diego* v. *Milotz,* 46 Cal.2d 761, 767 [300 P.2d 1]; *Jarvis* v. *Henderson,* 40 Cal.2d 600, 607 [255 P.2d 426]; *Martin* v. *Henderson,* 40 Cal.2d 583, 591 [255 P.2d 416]; *McAuliffe* v. *Kane,* 54 Cal.App.2d 288, 296 [128 P.2d 932]; *Vogel* v. *White,* 134 Cal.App. 252, 254 [25 P.2d 233].)

In *Martin* v. *Henderson,* 40 Cal.2d 583 [255 P.2d 416], plaintiffs, highway patrolmen employed by the state, similarly had accumulated overtime for which ordinarily they would be entitled to equivalent time off, but which they had been unable to take, also for reasons beyond their control; after termination of their employment they also sued for monetary compensation therefor. The trial court entered judgment in their favor (a lump sum payment upon termination of employment which was authorized by statute, and an award for overtime), but our Supreme Court modified the judgment to remove therefrom the sum awarded as compensation for overtime on the ground that there was no statutory authority for such payment. The court said at page 590: "When the [public] employee is paid by time . . . rather than by the amount of work which he does, he is bound, in the absence of statute, to render services without regard to the number of hours worked. [Citation.] . . .

". . . The fact that normal hours of work are established and compensating time off is provided for work beyond those hours does not, of itself, give the employee a right to payment for overtime."

Closely related to the cause at bench is *La Deaux* v. *County of Alameda,* 256 Cal.App.2d 261 [63 Cal.Rptr. 796], wherein plaintiff, also a deputy sheriff similarly compelled to work overtime through an eight-year period for which he was not able to take equivalent time off, left his employment and brought suit for monetary compensation for overtime, recovered a judgment. This court reversed the judgment on the basis of a county ordinance providing that ordinarily overtime was to be compensated for by time off, stating that ". . . overtime was to be paid only in time off . . . . There is no provision in the ordinance to the contrary." (Pp. 267-268.)

Plaintiff concedes that "if the case of *La Deaux* . . . is to be followed, then indeed [he] should not prevail," but urges us to adopt the dissenting opinion therein wherein it is suggested that the money judgment awarded by the trial court should be affirmed. We note however, that the California Supreme Court denied a hearing in *La Deaux;* and in this circumstance,

which we must view in light of the related *Martin* decision by that court, we deem ourselves bound by the decision of the majority of the court. (*Scott* v. *E. L. Yeager Constr. Co.,* 12 Cal.App.3d 1190, 1194 [91 Cal. Rptr. 232]; *Barry* v. *Dept. of Public Works,* 199 Cal.App.2d 359, 360-361 [18 Cal.Rptr. 637]; *Housing Authority* v. *Peters,* 120 Cal.App.2d 615, 616 [261 P.2d 561].) We further note and with particular interest, that the dissenting opinion does not cite any case authority in support of its position, and relies primarily on the language of the ordinance there at issue which, unlike the one here under consideration, could be construed as providing for money payments for overtime worked.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 24, 1974.