GREATER PEORIA SANITARY AND SEWAGE DISPOSAL DISTRICT, Plaintiff-Appellant, v. GREGORY BAISE, as Secretary of the Illinois Department of Transportation, *et al.*, Defendants-Appellees.

Third District   No. 3—92—0005

Opinion filed September 9, 1992.

Walter W. Winget, of Winget & Kane, of Peoria (James F. Kane, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (David Bo Mattson, Assistant Attorney General, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

During the course of a highway expansion project, defendants Gregory Baise and the Illinois Department of Transportation (hereinafter referred to collectively as IDOT) relocated sewer lines and manholes owned by plaintiff Greater Peoria Sanitary and Sewage Disposal District (the Sanitary District). IDOT billed the Sanitary District for the cost of the relocation, and the Sanitary District sought a declaratory judgment that it was not liable for those costs. The trial court found in favor of IDOT and this appeal followed. We affirm.

The facts of this case are relatively simple and largely undisputed. In 1939 and the early 1940's, the predecessor State agency to IDOT, the Illinois Department of Public Works and Buildings, obtained dedications of public rights-of-way for roadway purposes over the tracts of land at issue in this case. In 1962 and 1965, sewer lines were installed in the right-of-way by two developers to serve new subdivisions which were being constructed near Route 150. Each of the sewer installation projects was undertaken pursuant to a highway permit issued by IDOT's predecessor. The permits provided:

"That should the State's construction on and operation of said highway require any alteration or change of location of the work called for in this permit, such alteration or change of location shall be made by the Petitioner upon written request by the Chief Highway Engineer without expense to the State of Illinois, and should the Petitioner fail to make satisfactory arrangements to comply with this request within 60 days, the State reserves the right to make such alterations or change of location or remove the work and the Petitioner agrees to pay for the cost incurred."

After the sewer lines were installed, they were maintained and operated by the Sanitary District.

In the early 1980's, IDOT decided to expand Route 150 from two lanes to four lanes to accommodate increased traffic. IDOT notified the Sanitary District that its sewer lines were to be relocated, but the Sanitary District refused to relocate the lines. Relying on section 9—113 of the Illinois Highway Code (Ill. Rev. Stat. 1985, ch. 121, par. 9—113), IDOT then moved the sewer lines and eight manholes and billed the.Sanitary District approximately $114,000 for the cost of that work. The Sanitary District filed a declaratory judgment action. As noted above, the trial court ruled in favor of IDOT.

Section 9—113 of the Illinois Highway Code provides in part:

"§9—113. (a) No ditches, drains, track, rails, poles, wires, pipe line or other equipment of any public utility company, municipal corporation or other public or private corporation, association or person shall be located, placed or constructed upon, under or along any highway, or upon any township or district road, without first obtaining the written consent of the appropriate highway authority as hereinafter provided for in this Section.

\* \* \*

(f) Any ditches, drains, track, rails, poles, wires, pipe line or other equipment located, placed or constructed upon, under or along a State highway with the consent of the State highway authority under this Section shall, upon written notice by the State highway authority, be subject to removal, relocation or modification at no expense to the State highway authority when and as deemed necessary by the State highway authority for highway or highway safety purposes. If, within 60 days after receipt of such written notice, arrangements are not made satisfactory to the State highway authority for such removal, relocation or modification, the State highway authority may remove, relocate or modify such ditches, drains, track, rails, poles, wires, pipe line or other equipment and bill the owner thereof for the total cost of such removal, relocation or modification." Ill. Rev. Stat. 1987, ch. 121, par. 9—113.

The Sanitary District contends that section 9—113 does not apply in this situation because it does not specifically mention sewers. The District argues that the doctrine of *ejusdem generis* excludes sewers from the reach of section 9—113. We disagree.

■ "[U]nder the doctrine of *ejusdem generis,* when a statutory clause specifically describes several classes of persons or things and

then includes 'other persons or things,' the word 'other' is interpreted as meaning 'other such like.' " (*Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 396, 475 N.E.2d 536, 539.) While section 9—113 does not use the term "sewer," it does refer to "ditches, drains, *** pipe line or other equipment." (Ill. Rev. Stat. 1987, ch. 121, par. 9—113.) We believe that sewers are sufficiently similar to ditches, drains and pipe lines as to be included within the term "other equipment." We note that various sections of the Sanitary District Act of 1917 (Ill. Rev. Stat. 1985, ch. 42, par. 298.99 *et seq.*), the statutory authority under which the Sanitary District was created, use similar language. (See, *e.g.*, Ill. Rev. Stat. 1985, ch. 42, pars. 306.1 ("drains, ditches, sewers, outlets and sewerage treatment plants"), 307 ("drains, channels or ditches"), 312 ("sewers, channels, ditches and drains, *** conduit or conduits, main pipe or pipes"), 313 ("conduit or conduits, main pipe or pipes").) We hold, therefore, that section 9—113 applies to the sewer lines and manholes at issue in this case.

The Sanitary District also maintains that it has a statutory easement over public highways which can only be taken by condemnation. The District relies on section 13 of the Sanitary District Act of 1917, which provides in part:

"312. Easement over public highways, state lands, etc.

§13. Every such district is authorized to construct, maintain, alter and extend its sewers, channels, ditches and drains, as a proper use of highways along, upon, under and across any highway, street, alley or public ground in the state, but so as not to incommode the public use thereof, and the right and authority are hereby granted to any such district to construct, maintain and operate any conduit or conduits, main pipe or pipes, wholly or partially submerged, buried or otherwise, in, upon and along any of the lands owned by said state under any of the public waters therein; Provided, that the extent and location of the lands and waters so as to be used and appropriated by the Governor of said State of Illinois, upon application duly made to him asking for such approval." Ill. Rev. Stat. 1985, ch. 42, par. 312.

The Sanitary District argues that such an easement, being an interest in land, cannot be altered or extinguished except by condemnation and the payment of damages for the taking. The District further maintains that IDOT has no power to condemn property already held by another public body. (*Department of Public Works & Buildings v. Ells* (1962), 23 Ill. 2d 619, 179 N.E.2d 679.) The trial court found that

the heading "Easement over public highways, state lands, etc." was not part of the statute and that section 13 merely grants a license to the Sanitary District to use the land in question.

■ Although a statute should be read as a whole and its title may be considered in construing it (*Wilcoxen v. Paige* (1988), 174 Ill. App. 3d 541, 528 N.E.2d 1104), the caption supplied by the publisher of the Illinois Revised Statutes is not part of the official title or contents of the statute and the heading of a statute cannot alter the plain meaning of the substantive language (*People v. Jones* (1991), 217 Ill. App. 3d 175, 576 N.E.2d 1138, *rev'd on other grounds* (1992), 149 Ill. 2d 288, 595 N.E.2d 1071). While an easement is an interest in land, a license is permission to do an act or series of acts upon the land of another without possessing any estate or interest in such land. (*Mueller v. Keller* (1960), 18 Ill. 2d 334, 164 N.E.2d 28.) Obtaining a right-of-way by easement is an interest in land, but obtaining public authorization and permission to construct and maintain is not. (*McMillin v. Economics Laboratory, Inc.* (1984), 127 Ill. App. 3d 517, 468 N.E.2d 982.) Section 13 states that the district "is *authorized* to construct *** sewers *** as a proper *use* of highways *** but so as not to incommode the public use thereof." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 42, par. 312.) The trial court found that this section granted the Sanitary District a license rather than an easement. We believe this finding is compatible with the statutory language and is also consistent with section 16. That section provides:

"§16. When, in making any improvements which any district is authorized by this Act to make, it shall be necessary to enter upon and take possession of any existing drains, sewers, sewer outlets, plants for the purification of sewage or water, or any other public property, or property held for public use, the board of trustees of such district *shall have the power to do and may acquire the necessary right of way over any other property held for public use in the same manner as is herein provided for acquiring private property*, and may enter upon, and use the same for the purposes aforesaid: Provided, the public use thereof shall not be unnecessarily interrupted or interfered with, and that the same shall be restored to its former usefulness as soon as possible." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 42, par. 315.

In other words, this section authorizes the Sanitary District to acquire possession of, or the necessary right-of-way over, public property through use of its eminent domain powers. This demonstrates an overall statutory design which contemplates that when possessory

rights are involved, the Sanitary District should acquire the rights through condemnation. Construing section 13 as granting easement rights over highways would be inconsistent with this statutory scheme. We hold, therefore, that section 13 merely grants the Sanitary District a license to use public highways which is subject to the provisions of section 9—113 of the Illinois Highway Code.

For the reasons stated above, we affirm the judgment of the circuit court.

Affirmed.

BARRY, P.J., and HAASE, J., concur.