**In re Robert Michael LOWDER, Debtor.**

**Bankruptcy No. 95–81348.**

United States Bankruptcy Court,
C.D. Illinois.

Nov. 8, 1995.

Gary T. Rafool, Rafool & Bourne, Peoria, IL, for Debtor.

Charles E. Covey, Peoria, IL, Trustee.

## OPINION

WILLIAM V. ALTENBERGER, Chief Judge.

Before the Court is the objection filed by Charles E. Covey, Trustee, to the claim of exemptions made by Robert Lowder, the Debtor.

In March of 1995, the Debtor borrowed approximately $39,000.00 from a financial institution known as "The Money Store" and paid off the first mortgage on his residence in the approximate amount of $17,525.00. From the net proceeds received by the Debtor, he made the following payments:

| | |
|---|---|
| First State Bank of Pekin | $6,000.00 |
| Illinois Department of Revenue | 2,879.82 |
| Bartonville Bank | 212.24 |
| Internal Revenue Service | 2,168.20 |
| Illinois Department of Revenue | 130.85 |
| Illinois Dept. of Employment Security | 455.52 |

leaving a balance in his hands of $7,628.74. The Debtor filed a Chapter 7 petition in bankruptcy on June 19, 1995, and the balance of the funds were deposited in his attorney's trust account. The Debtor claims $7,500.00 as a homestead exemption. The Trustee objected and a hearing was held. The matter was taken under advisement and both the Trustee and the Debtor filed briefs in support of their positions.

■ The Debtor contends that the monies he received upon refinancing the mortgage on his residence are protected by the homestead exemption laws. In support of his position, he relies upon the broad proposition that exemption laws are to be liberally construed. The Trustee, also unable to find any authority specifically on point, argues that because the statute does not provide that loan proceeds are exempt, the Debtor's claim of exemption must fail. The Trustee also contends that the Debtor's dissipation of $13,846.26 of the net proceeds of the loan to creditors of his own choosing must be counted against his right to claim any of the proceeds as exempt, fully wiping out his claimed exemption.

■ The statutory provision at issue is § 12–906 of the Code of Civil Procedure. 735 ILCS 5/12–906. It is encaptioned "Proceeds of Sale," and provides:

When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or incumbrance to which it would not be subject in the possession of such owner; and the proceeds thereof, to the extent of the amount of $7,500.00, shall be exempt from judgment or other process, for one year after the receipt thereof, by the person entitled to the exemption, and if reinvested in a homestead the same shall be entitled to the same exemption as the original homestead.

Pointing out that the legislature used the word "conveyed" rather than the term "sold," the Debtor argues that the provision is not limited to proceeds received upon the sale of a homestead but may be broadly construed to include proceeds from a conveyance of an interest through a mortgage transaction. The Debtor relies on *Greater Peoria Sanitary District v. Baise*, 234 Ill.App.3d 622, 175 Ill.Dec. 452, 600 N.E.2d 75 (3rd Dist.1992), where the court held that a caption supplied by the publisher of the Illinois Revised Statutes is not part of the official title or text of the statute and cannot alter the plain meaning of the substantive language. That rule is not applicable here, however, because the heading "Proceeds of Sale," was inserted by the legislature.

■ The term "conveyance" does not have a singular, well-defined meaning. It is defined in *Black's Law Dictionary* as follows:

*Conveyance:* In its most common usage, transfer of title to land from one person, or class of persons, to another by deed. Term may also include assignment, lease, mortgage or encumbrance of land. Generally, every instrument in writing by which an estate or interest in the realty is created.

Given this ambiguity, it is acceptable to consider the heading in order to determine the legislative intent. *People v. Malone,* 71 Ill. App.3d 231, 389 N.E.2d 908, 27 Ill.Dec. 677 (2d Dist.1979). Taking into account the heading of the statute, prior case law and the provision as a whole,[1] it is clear that the provision only extends to proceeds received upon the sale of a homestead, and not in a refinancing.

A debtor can have but one homestead. At the time the Debtor filed this petition, he continued to reside in the premises and his statement of intention discloses that he intended to reaffirm the mortgages on his home. It is the facts at the time of the bankruptcy filing which determine whether a debtor is eligible to claim a homestead exemption. *In re Hughes,* 166 B.R. 957 (Bkrtcy.E.D.Okl.1994); *In re Dodge,* 138 B.R. 602 (Bkrtcy.E.D.Cal.1992). There is no evidence in the record that the Debtor intended to reinvest the proceeds in a different home or that he intended to abandon his current home. In view of those facts, permitting the Debtor to claim a homestead exemption in the proceeds from the refinancing would not in any way further the purposes of the homestead exemption law. Moreover, as the Trustee notes the Debtor has already spent almost $14,000.00 at his whim, and even if he had been entitled to an exemption, it has been used up and the monies remaining in his attorney's trust account would represent a nonexempt surplus.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

---

1. In construing a statute, each word is to be given a reasonable meaning. *Buttitta v. City of Chicago,* 9 F.3d 1198 (7th Cir.1993). The statute provides that the "conveyance" of a homestead shall not subject the premises to any lien or incumbrance to which it would not be subject in the "possession" of the owner. The granting of a mortgage does not result in the owner being dispossessed. Interpreting "conveyance" to mean a sale or other disposition of the premises produces a meaningful result.