Norman L. FLEET; Fleet Resources, Inc., a Colorado corporation; The 1988 Gaines County Soybean Venture, Ltd., a Colorado limited partnership; and Fleet Resources, Inc., suing derivatively on behalf of the 1988 Gaines County Soybean Venture, Ltd., Plaintiffs–Appellees,

v.

Dwight ZWICK, Defendant–Appellant.

No. 98CA1163.

Colorado Court of Appeals,
Div. III.

Dec. 23, 1999.

Rehearing Denied Jan. 27, 2000.

No Appearance for Plaintiffs–Appellees.

James T. Ayers, Jr. P.C., James T. Ayers, Jr., Littleton, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

In this garnishment proceeding, Dwight Zwick (debtor) appeals from an order granting the traverse of Norman L. Fleet, Fleet Resources, Inc., a Colorado corporation; 1988 Gaines County Soybean Venture, Ltd., a Colorado limited partnership; and Fleet Resources, Inc., suing derivatively on behalf of the 1988 Gaines County Soybean Venture, Ltd. (collectively the creditors), to his claim of a homestead exemption. Appellees have not appeared. We reverse the order granting traverse.

Debtor and Fleet Resources, Inc., both invested in 1988 in Gaines County Soybean Venture, Ltd., which proved unsuccessful. The creditors commenced litigation against debtor alleging breach of contract and fraud and were awarded a judgment in the initial amount of $112,532. In an attempt to collect the judgment, the creditors executed on debtor's home which he owned in joint tenancy with his spouse. The home was sold at a public sale pursuant to the statute.

Debtor claimed a homestead exemption pursuant to § 38–41–207, C.R.S.1999, which permits the debtor $30,000 in funds from a sale on execution free from creditors' claims. The statute provides, in pertinent part, as follows:

The proceeds from the exempt amount under this part 2, in the event the property is sold by the owner, or the proceeds from such sale under section 38–41–206 paid to the owner of the property or person entitled to the homestead *shall be exempt from execution or attachment for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may be always identified. If the person receiving such proceeds uses said proceeds in the acquisition of other property for a home, there shall be carried over to the new property the same homestead exemption to which the owner was entitled on the property sold.* (emphasis added)

The homestead funds were deposited in the trust account of debtor's attorney (homestead account) and then one-half ($15,000) was distributed to debtor's spouse, $10,209.34 was distributed to the attorney in payment of his fees for services rendered, and the balance, $4,674.11 remained deposited in the homestead account.

The creditors served the attorney with a writ of garnishment seeking all property in his possession or control belonging to debtor. The attorney responded that he held funds belonging to debtor. Debtor then asserted the homestead exemption pursuant to § 38–41–207 as to the funds remaining in the homestead account.

The creditors filed their traverse to debtor's claim of an exemption which was granted by the trial court. In addition, the trial court awarded the creditors attorney fees and costs in the amount of $667 as a sanction against debtor for avoiding service of process and refusing to permit his counsel to accept service.

## I.

Debtor first contends that the trial court erred in holding that the removal of funds from the homestead account destroys the homestead exemption as to the balance of the funds remaining in the homestead account. We agree.

■ The primary purpose of the Colorado homestead exemption is to secure to the debtor owning his residence and to his or her family a home regardless of the solvency or insolvency of the family. *See In re Dodge,* 685 P.2d 260 (Colo.App.1984); *Woodward v. People's National Bank,* 2 Colo.App. 369, 31 P. 184 (1892).

■ It has long been the policy of this state to preserve the home for the family, even at the sacrifice of just demands, because the preservation of the home is deemed of paramount importance. To that end, the homestead exemption is to be liberally construed to give effect to the statute's purposes. *In re Dodge, supra.*

■ Our research has not disclosed any authority on point, and the parties have not referred to any such authority. We are not here concerned with the status of the funds removed from the segregated homestead account. We are concerned with the status of the funds remaining.

If, as we have stated, the purpose of the homestead exemption is to preserve a residence for a debtor and his or her family and the segregated fund is to preserve the ability of the debtor to replace the residence lost, we can see no reason why the exemption for any balance in the homestead account should be lost by the withdrawal of other monies. While it may be true that the withdrawal of some funds would reduce, or even virtually eliminate, the ability of a debtor to purchase a residence within the year the exemption extends, it does not destroy that ability. We see no policy reason why the withdrawal of some funds should extinguish the exempt status of the balance and, indeed, conclude that such a holding would be contrary to the announced public policy of this state.

Section 38–41–207 permits the debtor to use the money in acquisition of a new home and provides that the homestead exemption transfers to that new residence. At the time

of this garnishment, which was prior to the expiration of the exemption, there remained the possibility that the balance of the exempt fund could be so invested. In order to give the debtor the full benefit of the exemption, we hold that the withdrawal of funds from the segregated fund for non-exempt purposes does not terminate the exempt status of the balance.

## II.

Debtor also asserts that the trial court erred in imposing sanctions in the form of attorney fees and costs because debtor avoided service of process and did not permit his attorney to accept service. We do not review this issue.

The party asserting a trial court error bears the burden of presenting a record which discloses the error. *Trosper v. Wilkerson,* 764 P.2d 375 (Colo.App.1988). Regardless whether that burden is met, we are bound by the record when determining whether the trial court's ruling was correct. *Colorado National Bank–Boulder v. Zerobnick & Sander, P.C.,* 768 P.2d 1276 (Colo. App.1989).

Here, debtor argues that the court made a totally unsupported finding in its order awarding sanctions based on debtor's alleged wrongful conduct. However, there is no support in the record either way. The order of which debtor complains, while attached to the notice of appeal, is not in the record and was not designated.

Under these circumstances, we must presume that the trial court's award of attorney fees and costs were fully supported. *See Kaneco Oil & Gas Ltd. II v. University National Bank,* 732 P.2d 247 (Colo.App. 1986).

The order granting traverse is reversed.

Judge PLANK and Judge CASEBOLT concur.