**In re Daniel P. POLIMINO and Jennifer Polimino, Debtors.**

**Daniel P. Polimino and Jennifer Polimino, Appellants,**

**v.**

**M. Stephen Peters, Trustee, Appellee.**

BAP No. CO–06–002.
Bankruptcy No. 05–25383–MER.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

July 12, 2006.

Submitted on the briefs:* Timothy W. Cresswell of TW Cresswell, P.C., Lakewood, Colorado, for Appellants.

M. Stephen Peters, pro se.

Before CLARK, BOHANON, and CORNISH, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

Debtors/Appellants Daniel D. Polimino and Jennifer Polimino, ("Debtors"), appeal a judgment entered by the United States Bankruptcy Court for the District of Colorado in favor of the Chapter 7 Trustee, M. Stephen Peters, ("Trustee"), denying Debtors' claimed exemption in proceeds from the refinancing of their home mortgage. Debtors claim that the proceeds from the refinancing are exempt from execution or attachment for one year after the refinancing pursuant to Colo.Rev.Stat. § 38–41–207 (2000) and that the bankruptcy court erred when it refused to allow them to claim this exemption. Debtors also argue that the court improperly used federal powers to modify a state law. For the following reasons, we affirm the decision of the bankruptcy court.

## I. Background

Shortly before filing their joint Chapter 7 petition, Debtors refinanced their home.

The refinancing was secured by two separate deeds of trust. By refinancing, Debtors were able to convert their equity in the home into cash totaling $12,204. They placed the proceeds into a separate account. After filing bankruptcy, the Debtors used the proceeds for attorney's fees, medical bills, home repairs and expenses for their personal fitness training business.

Debtors claimed the proceeds from the refinancing as exempt property pursuant to Colo.Rev.Stat. § 38–41–207 (2000) ("The Proceeds Statute").[1] This statute provides that proceeds from the sale of a homestead are exempt from execution or attachment for one year after the sale if the proceeds are kept separate from other moneys. The Trustee objected to this claimed homestead exemption on the ground that a refinancing of a home does not qualify as a "sale" of the homestead; therefore, the statutory exemption did not apply. Debtors countered that "sale" is not defined in the statute, exemption statutes are to be liberally construed, and any conveyance of an interest in a homestead qualifies as a "sale," which entitles them to the statutory exemption on the proceeds from the refinancing.

The bankruptcy court declined to adopt Debtors' definition of "sale" and cited an

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. The applicable language states:

The proceeds from the exempt amount under this part 2, in the event the property is sold by the owner, or the proceeds from such sale under section 38–41–206 paid to the owner of the property or person entitled to the homestead shall be exempt from execution or attachment for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may be always identified. If the person receiving such proceeds uses said proceeds in the acquisition of other property for a home, there shall be carried over to the new property the same homestead exemption to which the owner was entitled on the property sold. Such homestead exemption shall not be valid as against one entitled to a vendor's lien or the holder of a purchase money mortgage against said new property.

Colo.Rev.Stat. § 38–41–207 ( 2000).

Illinois bankruptcy case that held that a homestead exemption did not extend to the proceeds received from a home refinance. The court found no Colorado cases on point, but cited Colorado cases that held that the purpose of the homestead exemption is to ensure that a debtor and his family have a residence despite insolvency. The bankruptcy court concluded that because the debtors did not leave the property and obtain a new homestead, allowing an exemption for refinancing proceeds did not serve the purposes of the homestead exemption. This appeal followed.

## II. Jurisdiction

This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1. Neither party has opted to have this appeal heard by the United States District Court for the District of Colorado and each have thereby consented to review of this case by the Bankruptcy Appellate Panel. 10th Cir. BAP L.R. 8001–1(d).

## III. Standard of Review

 The facts herein are not disputed; therefore, the only issues presented on appeal involve questions of law. Questions of law are reviewable *de novo. Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1370 (10th Cir.1996). *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision. *Salve*

*Regina Coll. v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## IV. Analysis

The central issue presented on appeal is whether the bankruptcy court erred when it refused to allow an exemption for proceeds of a prepetition mortgage refinancing of Debtors' residence. Debtors also raise an ancillary issue of whether the bankruptcy court violated due process by using its federal powers to modify a state law.

 The Proceeds Statute provides that proceeds from the sale of the homestead are exempt from execution or attachment for up to one year after that sale, if kept in a separate account. Colo.Rev.Stat. § 38–41–207 (2000). If the owner of the proceeds uses those proceeds to purchase another home, the exemption carries over into the new property.[2] The Debtors assert that the refinancing of their home mortgage is the equivalent of a "sale" under this exemption statute, and argue that a refinance transaction is a conveyance of an interest in real property in exchange for cash proceeds. The Trustee argues that the refinancing was not a sale as it did not include divestment or transfer of all of Debtors' ownership rights in their home, and that Debtors had no intent to invest the proceeds into a new home.

 It is well-established that Colorado's exemption statutes are to be applied liberally. Colo. Const. Art. 18, § 1; *Edson–Keith & Co. v. Bedwell,* 52 Colo. 310, 122 P. 392, 393 (1912). However, it is also well-established that the purpose of the homestead exemption is to provide protection for a debtor's home for himself and his dependents and assure that a debtor

**2.** This is an extension of Colorado's homestead exemption statute, Colo.Rev.Stat. 38–41–201 (2000), which states: "Every homestead in the state of Colorado occupied as a home by the owner thereof or his or her family shall be exempt . . . ."

and his family have a residence despite insolvency. *Wallace v. First Nat'l Bank of Colo. Springs (In re Wallace's Estate)*, 125 Colo.584, 246 P.2d 894, 901 (1952); *Fleet v. Zwick*, 994 P.2d 480, 482 (Colo.App.1999).[3]

The purpose of the Proceeds Statute is to preserve the ability of the debtor to replace the residence lost. *Zwick*, 994 P.2d at 482. The Proceeds Statute does not define "sale" nor is it defined in any other section of the homestead exemption statutes.[4] We look to Colorado law to govern the interpretation of its own statutes, and give statutory words and phrases their plain and ordinary meaning. *Dept. of Transp. v. Stapleton*, 97 P.3d 938, 943 (Colo.2004). Colorado relies upon the legislative scheme as a whole to give effect to the legislature's intent in enacting a statute. *Id.*

A plain reading of the Proceeds Statute indicates that there must be an actual transfer of ownership and possession of the home for a "sale" to occur and the Proceeds Statute to apply. The ordinary meaning of the term "sale" is a transfer of title and possession of property in exchange for payment. *Black's Law Dictionary* (8th ed.2004). There is a distinction under Colorado law between a sale or conveyance of real estate and the granting of a mortgage on real estate. A mortgage, or deed of trust such as the Debtors granted to their lender, is not considered to be a conveyance of a real property interest but only grants a lien. *Columbus*

*Invs. v. Lewis*, 48 P.3d 1222, 1225 (Colo. 2002). The specific statute provides:

> Mortgages, trust deeds, or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien.

Colo.Rev.Stat. 38–35–117 (2000). The granting of a deed of trust does not convey a possessory ownership interest in the real estate but serves the sole purpose of granting a lien on the real estate to ensure payment.

The bankruptcy court cited an Illinois case that addressed the same issue regarding exemption of proceeds from refinancing, *In re Lowder*, 188 B.R. 573, 575 (Bankr.C.D.Ill.1995). *Lowder* held that the debtor could not claim a homestead exemption in proceeds from a refinance since the debtor had no intent to reinvest those proceeds in a new home. *Id.* The case was based upon an Illinois statute similar to Colorado's Proceeds Statute except that it used the term "conveyance" of a homestead instead of "sale."[5] The reasoning of *Lowder* is equally applicable here. The record does not demonstrate that the Debtors intended to reinvest the proceeds in a new home; rather, that money was used for various living expenses.[6]

---

3. *See also, Duncan v. Zubrod (In re Duncan)*, 294 B.R. 339, 343 n. 18 (10th Cir. BAP 2003), noting that exemption statutes should be liberally construed to give effect to their purposes, but in interpreting them courts are limited by the plain language of the statute.

4. There is a specific statute preserving a homestead exemption in insurance proceeds but no such special treatment exists for pro-

ceeds from a refinancing. Colo.Rev.Stat. 38–41–209 (2000).

5. *See Lowder*, 188 B.R. at 574 (citing 735 ILCS 5/12–906 (Ill.Rev.Stat.1991, ch. 110, ¶ 12–906)).

6. *See* Fact Stipulation Regarding Trustee's Objection To Exemption at ¶ 7, *in* Appendix To Opening Brief Of Debtors at 12–13.

The purpose of the statutory exemption is satisfied since Debtors have a home and do not need to preserve their ability to replace a home that was lost or sold. *See, Zwick*, 994 P.2d at 482.

Debtors argue that the proceeds should be exempt if they are used to protect the debtor's future income stream, citing *Barnett v. Knight*, 7 Colo. 365, 3 P. 747 (1884), and *Dettmann v. Brucher (In re Brucher)*, 243 F.3d 242 (6th Cir.2001).[7] They assert that when Colorado's homestead exemption laws were first enacted, America was an agricultural society in which most families lived on farms and raised their own food. The original intent of the homestead exemption was to protect a family's home and to provide it with a stream of income. This is not the Debtors' situation. The record does not demonstrate that the Debtors are using their home as the major means of providing food and income for their family. There is no provision in either the Proceeds Statute or the homestead exemption statute allowing an exemption for refinancing proceeds invested in a business instead of a new home. This argument is not persuasive.

Finally, there is no support for Debtors' view that by denying them their exemption the bankruptcy court unconstitutionally modified Colorado law. The bankruptcy court correctly deferred to Colorado case law to determine whether the exemption was proper. It used the ordinary meaning of the term "sale," not a narrow interpretation that it fashioned on its own. In denying the exemption, the court properly relied upon the purposes of the Proceeds Statute as specified in the statutory language and as determined by Colorado courts. There was no usurpation of the state's legislative powers and no revision of a clearly stated law. Keeping in mind the purpose of the exemption and legislative scheme as a whole, the ordinary meaning of the term "sale," and the fact that a mortgage does not convey an ownership interest in real estate, it is apparent that the refinancing of a home mortgage is not the equivalent of a sale, and proceeds gained thereby are not entitled to an exemption.

## V. Conclusion

For the reasons stated herein, the decision of the bankruptcy court granting the Trustee's Objection to Claim of Exemption and denying Debtors' claim of an exemption pursuant to Colo.Rev.Stat. § 38–41–207 (2000) in the proceeds of the refinance of their home is AFFIRMED.

---

7. The issue in the *Dettmann* case was whether an Individual Retirement Account ("IRA") was exempt under 11 U.S.C. § 522(d). The Sixth Circuit concluded that the purpose of an IRA was to protect a debtor's future income stream; therefore, IRAs are exempt under the Bankruptcy Code.