**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUG MACMASTER, | No.   20-16191 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05406-JST |
| v. | |
| COUNTY OF CONTRA COSTA; DAVID TWA; ROBERT CAMPBELL; DIANA BECTON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted November 16, 2021 [**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges.

Doug MacMaster, a former employee of the County of Contra Costa,

appeals pro se the district court's dismissal of his second and fourth causes of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

action for breach of contract[1] against the County, County Administrator David Twa, Auditor-Controller Robert Campbell, and District Attorney Diana Becton and its denial of his motions for leave to amend his complaint.  We affirm.

On de novo review, the district court properly dismissed MacMaster's breach of contract claims because MacMaster has not shown a breach of the terms and conditions of his employment.  *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).  The County paid MacMaster for his unused vacation credits at his "current pay rate" at the time of separation.  *See* Hum. Res. Dep't, Contra Costa Cnty. Salary Reguls. § 9.1.[2]

California Labor Code section 227.3 does not overcome Salary Regulation 9.1.  *See Cal. Corr. Peace Officers' Ass'n. v. State*, 115 Cal. Rptr. 3d 361, 364 (Ct. App. 2010); *cf. Grier v. Alameda-Contra Costa Transit Dist.*, 127 Cal. Rptr. 525, 531 (Ct. App. 1976) (district's sovereign powers not infringed by Labor Code). Therefore, under both the statute and the regulation, MacMaster has received all to

---

[1]  MacMaster's second cause of action was titled "Petition for Writ of Mandate."  However, the allegations therein referred to "breach" of the "Chief Assistant contract."  As such, the district court properly applied the same analysis to both the second and fourth causes of action.

[2]  The County requests that this court take judicial notice of a state court order and certain related court documents from *Kensok v. County of Contra Costa, et al.*, No. FCS054830 (Cal. Super. Ct. 2020).  9th Cir. Dkt. 16.  We decline to do so because the dismissal of that case has no relevance to this appeal.  *See Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

which he is entitled.  *See Cal Fire Loc. 2881 v. Cal. Pub. Emps.' Ret. Sys.*, 435 P.3d 433, 442 (Cal. 2019); *Markman v. County of Los Angeles*, 110 Cal. Rptr. 610, 611 (Ct. App. 1973); *see also Kistler v. Redwoods Cmty. Coll. Dist.*, 19 Cal. Rptr. 2d 417, 419–20 (Ct. App. 1993).[3]

MacMaster also appeals the district court's denial of his two motions for leave to amend.  The district court did not abuse its discretion in denying leave because there is no legal basis for MacMaster's claim for payment at the Chief Assistant District Attorney rate.  Amendment is futile because pleading additional facts cannot create a legal basis for his claim.  *See Sweaney v. Ada County*, 119 F.3d 1385, 1392–93 (9th Cir. 1997).

**AFFIRMED.**[4]

---

[3]  MacMaster's allusions to other Labor Code sections do not undermine this conclusion.

[4]  The County has requested costs on appeal.  Costs will be awarded by operation of the Federal Rules.  Fed. R. App. P. 39.