VALERIE VICKERMAN MORRIS, n/k/a Valerie Vickerman Runes, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.—VALERIE VICKERMAN RUNES, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 1—01—2779, 1—03—3739 cons.

Opinion filed February 18, 2005.

Runes Law Office, P.C., of Mt. Prospect (Kenneth A. Runes, of counsel), for appellant.

Lisa Madigan, Attorney General, of Chicago (Diane M. Potts, of counsel), for appellees.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Valerie Vickerman Runes, filed two complaints in administrative review. The first complaint sought to reverse defendant

Illinois Department of Professional Regulation's order requiring her to cease and desist the practice of midwifery. The second complaint sought to reverse the Director of the Illinois Department of Regulation's (Director's) order suspending her nursing license for three years, followed by two years' probation, fining her $2,500 and requiring her to complete a 12-hour ethics course. The circuit court affirmed both orders. In this consolidated appeal, plaintiff contends the circuit court erred by affirming the orders requiring her to cease and desist the practice of midwifery and suspending and disciplining her nursing license. We affirm the orders requiring plaintiff to cease and desist the practice of midwifery and suspending her nursing license and fining her; we vacate the requirement that plaintiff complete an ethics course.

Plaintiff held herself out as a direct-entry or lay midwife in Illinois from 1983 through August 2001. For a fee, plaintiff performed prenatal exams on her patients, helped them deliver their babies at home, and provided postpartum and newborn care. Plaintiff has never been licensed by defendant to perform midwifery care.

Defendant issued plaintiff a license to practice as a registered nurse on February 24, 1999. Plaintiff began working at Provena St. Joseph Hospital as a registered nurse in the labor and delivery unit, but continued her practice as a direct-entry midwife on the side. Provena St. Joseph Hospital terminated plaintiff on July 5, 2000, after learning that she had been practicing midwifery on a patient who, following a home birth with plaintiff, was admitted to the hospital for postpartum bleeding.

On August 4, 2000, defendant issued an order for plaintiff to cease and desist the practice of midwifery in Illinois until she was properly qualified and licensed. On September 8, 2000, plaintiff filed a complaint for administrative review of the defendant's cease and desist order. Plaintiff argued that defendant did not have the statutory power to regulate direct-entry midwives and that defendant was without jurisdiction to issue a cease and desist order against plaintiff. On June 18, 2001, the trial court entered an order affirming defendant's cease and desist order. Plaintiff filed a notice of appeal on July 18, 2001.

Meanwhile, on August 15, 2000, defendant filed an amended seven-count complaint against plaintiff. Counts I through IV alleged plaintiff had provided nursing care that she was not qualified or licensed to provide, including midwifery services, collecting blood specimens, ordering clinical laboratory tests without a physician's order, ordering ultrasounds to be performed on her patients, and using the designation "C.N.M." (Certified Nurse Midwife) when ordering tests. Count VI alleged plaintiff used fraud, deceit, or misrepresentation in apply-

ing for a license when she failed to disclose a 1998 cease and desist order on her application for a registered nurse license. Count VII alleged plaintiff violated a final administrative action when she disobeyed the 1998 cease and desist order. Defendant asked that plaintiff's registered nurse license be suspended, revoked, or otherwise disciplined.

An administrative hearing was held upon defendant's amended complaint. At the hearing, plaintiff testified that she worked as a midwife providing prenatal services, delivery assistance, and postpartum care for patients between 1983 and August 2001. Plaintiff operated her midwifery service out of her home in Elgin. Plaintiff testified that some of the midwifery services she regularly provided were: prenatal examinations, including a Pap smear; detailing the patient's medical history; performing an obstetrical assessment; and informing the patient of her due date. In addition, plaintiff used Perfect Imaging, Inc., to perform ultrasounds on her patients and used LabCorp to perform testing on her patients' blood specimens.

Plaintiff testified that she received a registered nurse license on February 24, 1999. Plaintiff obtained a job as a nurse in the labor and delivery unit of Provena St. Joseph Hospital, but continued to operate her midwifery service out of her home. Hospital administration terminated plaintiff's employment on July 5, 2000. In a written discharge, the hospital told plaintiff she had been fired for "jeopardizing [her] RN license and [the] reputation of Provena St. Joseph Hospital by illegally practicing outside of the parameters of the Illinois nursing license." Plaintiff continued providing midwifery care until August 2001.

Cheri Moran, a certified nurse midwife holding licenses as an advanced practice nurse, certified nurse midwife, and registered nurse, testified that the term "certified nurse midwife" is a national certification given by the American College of Nurse Midwives. To become a certified nurse midwife, a nurse must complete a specific course of academic study and concurrent clinical practice, and then pass a national certification exam.

Ms. Moran testified that under the Nursing and Advanced Practice Nursing Act (Nursing Act) (225 ILCS 65/5—1 (West 2000)) as amended in August 1998, registered nurses are able to apply for an advanced practice nursing license if they have certain credentials and meet certain specifications set forth in the law, with a certified nurse midwife being one type of advanced practice nurse. Direct-entry midwives cannot practice as advanced practice nurses under the Nursing Act because they do not hold a registered nurse license, and they are not certified by the American College of Nurse Midwives. Ms. Mo-

ran opined that plaintiff acted as an advanced practice nurse, in violation of the Nursing Act, when she ordered ultrasounds, provided prenatal care, performed newborn exams and follow-up postpartum exams, and ordered and interpreted laboratory tests.

In contrast to the testimony of Ms. Moran, Doctor Marsden Wagner, an independent consultant on maternity care, opined that none of the care provided by plaintiff constituted the practice of medicine or nursing.

Elizabeth Fitzmaurice, a registered nurse and vice-president for patient care at Provena St. Joseph Hospital, testified that plaintiff violated the Nursing Act by practicing midwifery without the proper certification. Ms. Fitzmaurice also testified that plaintiff's employment with the hospital was terminated after the hospital learned that plaintiff had acted as a midwife for a patient who was later admitted to the hospital with postpartum bleeding.

Daniel Cybulski, a self-employed medical sonographer who performs diagnostic ultrasounds for physicians and obstetrical patients, testified that he performed about 20 ultrasounds for plaintiff between March 1997 and February 1999. Mr. Cybulski testified that when he first came to plaintiff's home, she referred to herself as a "certified nurse midwife."

On May 24, 2002, the administrative law judge (ALJ) ruled defendant had proved the first four counts of its amended complaint, specifically, that plaintiff provided nursing care that she was not qualified or licensed to provide. The ALJ recommended a 30-day suspension of plaintiff's nurse license, followed by a two-year probation during which plaintiff must complete a 12-hour ethics update course, report her employment activities, and pay a $1,000 fine. After reviewing the case, the Nursing Board adopted the ALJ's findings of fact and conclusions of law, but recommended that plaintiff's license be indefinitely suspended for at least three years followed by a two-year probation, that plaintiff pay a $2,500 fine and complete a 12-hour ethics course, and that she not misrepresent herself as a certified nurse midwife. Defendant's Director adopted the Nursing Board's decision, and plaintiff's license was suspended indefinitely for a minimum of three years on March 24, 2003.

Plaintiff filed a complaint in the circuit court for administrative review of the Director's decision on April 2, 2003, and asked for injunctive and declaratory relief pursuant to section 1983 of the Civil Rights Act (42 U.S.C. § 1983 (2000)). In the section 1983 count, plaintiff alleged that the law does not prohibit the practice of direct-entry midwifery and that the defendant violated plaintiff's substantive due process rights by disciplining her for practicing midwifery. Plaintiff

also alleged that the ALJ, the Nursing Board, and the Director violated her procedural due process rights. Plaintiff asked the court to enter a declaratory judgment that the acts and practices of defendant violated the laws of the United States, and to enjoin defendant from further violation of plaintiff's rights, from initiating any further prosecutions against plaintiff, and from taking or continuing any actions against her nursing license.

On November 25, 2003, the circuit court entered a final order affirming the Director's decision and dismissing the section 1983 claim. Plaintiff filed a timely notice of appeal on December 19, 2003. On March 3, 2004, this court consolidated plaintiff's appeals from the orders affirming the cease and desist order and the suspension of her nursing license and dismissal of her section 1983 claim.

First, plaintiff argues the court erred in affirming defendant's order that plaintiff cease and desist the practice of midwifery. It is the administrative agency's decision that is reviewed, not the circuit court's determination. *Anderson v. Department of Professional Regulation*, 348 Ill. App. 3d 554, 560 (2004). The administrative agency's factual findings are deemed *prima facie* true and correct and will be set aside only if they are against the manifest weight of the evidence. *Anderson*, 348 Ill. App. 3d at 560. Questions of law are reviewed *de novo*. *Anderson*, 348 Ill. App. 3d at 560. Where, as here, the case involves an examination of the legal effect of a given set of facts, *i.e.*, it involves a mixed question of law and fact, the administrative agency's decision will be affirmed unless clearly erroneous. *Anderson*, 348 Ill. App. 3d at 560.

■ Plaintiff argues defendant erred in determining that the Nursing Act prohibited the practice of unlicensed midwifery. The Nursing Act authorizes the licensure of nurses in three categories: licensed practical nurses, registered professional nurses, and advanced practice nurses. An advanced practice nurse is a registered professional nurse who meets the additional licensing requirements of section 15—10 of the Nursing Act (225 ILCS 65/15—10 (West 2000)). Advanced practice nurses care for patients "by using advanced diagnostic skills, the results of diagnostic tests and procedures *** and professional judgment to initiate and coordinate the care of patients." 225 ILCS 65/15—5 (West 2000). Advanced practice nurses also care for patients by "ordering diagnostic tests, prescribing medications and drugs ***, and administering medications and drugs [and] by using medical, therapeutic, and corrective measures to treat illness and improve health status." 225 ILCS 65/15—5 (West 2000).

Advanced practice nursing licenses are granted for four categories of advanced practice nurses; the relevant one here is that of certified

nurse midwife. Under section 15—10 of the Nursing Act, a registered nurse is qualified for licensure as a certified nurse midwife if she has applied in writing to the Illinois Department of Professional Regulation; holds a current license to practice as a registered nurse in this state; has successfully completed requirements to practice as, and holds a current, national certification as a nurse midwife; has paid the required fees; and has successfully completed a post-basic advanced practice formal education program in nurse midwifery. 225 ILCS 65/15—10 (West 2000). Additionally, a certified nurse midwife must enter into a written collaborative agreement with a physician who provides medical direction as authorized in the collaborative agreement. 225 ILCS 65/15—5 (West 2000).

In *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264 (2003), our supreme court addressed whether a lay midwife who performed prenatal examinations on a pregnant mother and assisted in the delivery of the baby had engaged in conduct regulated by the Nursing Act. The court noted that the General Assembly explicitly provided certain limited exceptions to the coverage of the Nursing Act, but that there was no exception for midwives. *Cryns*, 203 Ill. 2d at 285-86. The court noted that under the principle of *expressio unius est exclusio alterius*, the enumeration of exceptions in a statute is construed as an exclusion of all other exceptions. *Cryns*, 203 Ill. 2d at 286. The court held that "the General Assembly intended to exempt from the coverage of the [Nursing] Act only those instances specifically enumerated. We discern no contrary legislative intent which would overcome this rule of construction and support defendant's contention that traditional midwives, as a class, were intended by the General Assembly to be excluded from coverage under the [Nursing] Act." *Cryns*, 203 Ill. 2d at 286.

■ In the present case, plaintiff practiced midwifery and engaged in advanced practice nursing when she cared for her patients by ordering and reviewing diagnostic tests including ultrasounds and assisted her patients during labor and delivery. Pursuant to *Cryns*, plaintiff could only engage in midwifery and advanced practice nursing if she complied with the licensing requirements of the Nursing Act. Plaintiff failed to comply with the Nursing Act's licensing requirements; accordingly, defendant did not err in ordering her to cease and desist the practice of midwifery.

*Cryns* was decided after the circuit court affirmed the cease and desist order. Plaintiff contends we should not apply *Cryns* retroactively here. Generally, when a court issues an opinion, the decision is presumed to apply both retroactively and prospectively. *Tosado v. Miller*, 188 Ill. 2d 186, 196 (1999). However, a decision may be applied

nonretroactively if the court determines it established a new principle of law, either by overruling clear past precedent upon which the litigants relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92 (1997). The court then weighs the "merits and demerits" of the case and determines whether substantial inequitable results would be produced if the decision is applied retroactively. *Aleckson*, 176 Ill. 2d at 92-93. The *Cryns* decision did not establish a new principle of law, as it neither overruled any clear past precedent, nor did it decide an issue of first impression whose resolution was not clearly foreshadowed. To the contrary, the *Cryns* decision was foreshadowed by the explicit language of the Nursing Act, which provides that a certified nurse midwife is a category of advanced practice nursing subject to the Act's licensing requirements. Accordingly, as the *Cryns* decision did not establish a new principle of law, we apply it retroactively and affirm the cease and desist order.

■ Next, plaintiff argues the Nursing Act is unconstitutionally vague. The supreme court in *Cryns* addressed and rejected this same argument, holding that "[t]he provisions of the [Nursing] Act that describe the practice of professional nursing and advanced practice nursing are sufficiently explicit to inform those subject to the [Nursing] Act of the conduct to which it applies." *Cryns*, 203 Ill. 2d at 292. Accordingly, plaintiff's contention is without merit.

■ Next, plaintiff argues the trial court erred in affirming the order suspending plaintiff's nursing license. As discussed above, plaintiff could only practice midwifery and advanced practice nursing if she was properly licensed under the Nursing Act. See *Cryns*, 203 Ill. 2d 264. Since plaintiff was not so licensed, defendant did not err in suspending her license.

■ Next, plaintiff contends the trial court erred by dismissing her section 1983 claims. The section 1983 count alleged defendant denied her substantive due process when it issued a cease and desist order against her, and when it took administrative action to discipline her license for practicing midwifery. The section 1983 count also alleged defendant denied her procedural due process during the administrative proceedings.

Plaintiff's substantive due process claim restated the argument that defendant had no authority to sanction unlicensed midwives under the Nursing Act. As discussed above, midwives fall within the ambit of the Nursing Act; accordingly, plaintiff's substantive due process claim is without merit.

Plaintiff's procedural due process claims also fail. Plaintiff received notice of the charges and enjoyed a hearing before an impartial

tribunal at which she was represented by counsel and was allowed to cross-examine witnesses, present evidence in her own defense and inspect documentary evidence against her. This is sufficient to ensure due process in an administrative proceeding. *Sheehan v. Board of Fire & Police Commissioners*, 158 Ill. App. 3d 275, 283-84 (1987).

Plaintiff questions the impartiality of the ALJ. There is simply no evidence that the ALJ was not impartial. Our supreme court has held that, " '[w]ithout a showing to the contrary, State administrators "are assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances." [Citations.]' " *Abrahamson v. Department of Professional Regulation*, 153 Ill. 2d 76, 95 (1992), quoting *Scott v. Department of Commerce & Community Affairs*, 84 Ill. 2d 42, 55 (1981).

Plaintiff contends she was denied procedural due process by the Nursing Board's delay in submitting its recommendations to the Director and by the lengthy delay before the Director issued his order. Plaintiff has not shown how she was harmed thereby, as her nursing license was active and in effect for the full duration of the proceedings.

Plaintiff contends she was denied due process by the improper admission of hearsay evidence. Where there is sufficient competent evidence to support an administrative decision, the improper admission of hearsay evidence in the administrative proceeding is not prejudicial error and does not constitute a due process violation. *Abrahamson*, 153 Ill. 2d at 94. Here, plaintiff admitted the midwifery services she regularly provided were prenatal exams including recommending ultrasounds, assistance during birth, and postpartum and newborn care. This evidence alone, without the complained-of hearsay evidence, was sufficient to establish plaintiff was performing advanced practice nursing without the proper license and supports the administrative decision. Accordingly, there was no due process violation.

Plaintiff argues she was denied procedural due process because recommendations for punishment were made by some Nursing Board members who were not present at the hearing. Our supreme court has held that agency members making the final decision need not be present when the evidence is taken, as long as they review the record of proceedings. *Abrahamson*, 153 Ill. 2d at 95. The Board stated in its findings that it had reviewed the record in this matter. Accordingly, plaintiff's contention of error is without merit.

Plaintiff contends she was denied procedural due process because the ALJ denied her motion to dismiss on jurisdictional grounds. Plaintiff has failed to show how she was denied procedural due process

thereby; as discussed above, plaintiff falls within the ambit of the Nursing Act and therefore defendant has jurisdiction to discipline her license for failing to comply with said Act.

Plaintiff contends she was denied procedural due process because members of the Nursing Board participated in both adjudicative and prosecutorial functions during the hearing. Plaintiff's contention of error is without merit. Due process is not denied simply because an agency as a whole combines adjudicatory, investigative and prosecutorial functions. *Sharma v. Zollar*, 265 Ill. App. 3d 1022, 1032 (1994).

Plaintiff contends she was denied procedural due process when she sought to have a subpoena issued to then-Director Leonard Sherman and the subpoena was ultimately quashed by the Director himself after a hearing upon the motion with less than 24 hours notice to plaintiff on an afternoon when her attorney could not attend. Even assuming plaintiff was denied procedural due process thereby, she has not shown how she suffered prejudice. Had the subpoena been issued, the Director would have testified that he believed defendant had a responsibility to prosecute and eliminate the practice of unlicensed midwifery. Such testimony would have been consistent with the defendant's position at trial and would not have affected the outcome. See *People v. Lofton*, 194 Ill. 2d 40, 61 (2000) (even errors of constitutional dimension may be harmless).

Plaintiff contends she was denied procedural due process when the ALJ denied her pretrial motion to require more complete disclosure regarding the credentials and opinions of defendant's expert, Ms. Moran. Plaintiff also contends she was denied procedural due process when the ALJ accepted Ms. Moran's testimony and found her more credible than plaintiff's expert, Doctor Wagner. We disagree. Ms. Moran is a certified nurse midwife, holding licenses as an advanced practice nurse, a certified nurse midwife, and a registered nurse. She has been licensed as a registered nurse in Illinois since 1970. Ms. Moran has a bachelor of science in nursing, a master's degree of science in nursing with a focus on nurse midwifery, and a Ph.D. in nursing sciences. Ms. Moran is the assistant director of the nurse midwifery practice at the University of Illinois at Chicago Hospital and Medical Center and is responsible for coordinating 20 nurse midwives and patient care at 7 different community sites. She is also a lecturer at the University of Illinois and holds the current chair of the Illinois Chapter of the American College of Nurse Midwives. Given her credentials, we cannot say the trial court erred in accepting Ms. Moran's expert testimony or finding it to be credible. We find no constitutional violation.

Plaintiff contends she was denied procedural due process when

the trial court denied her pretrial motion to exclude from evidence documentation of her website and newspaper interviews. Plaintiff has waived review of this issue by failing to make any argument as to how the denial of said pretrial motion rises to the level of a constitutional violation. 134 Ill. 2d R. 341(e)(7).

Finally, plaintiff contends the severity of her discipline constitutes a due process violation. Plaintiff has waived review of this issue by failing to make any argument regarding how the discipline imposed rises to the level of a constitutional violation. 134 Ill. 2d R. 341(e)(7).

■ Next, plaintiff argues for reversal of defendant's decision to indefinitely suspend her nursing license for a minimum of three years, followed by two years' probation, a fine and an ethics course. A reviewing court will not overturn an agency's decision to impose a particular sanction unless the sanction is unreasonable, arbitrary, or unrelated to the purpose of the relevant statute. *Singh v. Department of Professional Regulation*, 252 Ill. App. 3d 859, 870 (1993).

The purpose of the Nursing Act is to "promote the public health, safety and welfare by ensuring that those individuals who engage in the conduct described in the Act are properly trained and licensed." *Cryns*, 203 Ill. 2d at 289. The suspension of plaintiff's license, followed by probation and a fine, is reasonably related to the purpose of the Nursing Act and is affirmed. However, defendant has provided no argument or citation to any authority explaining the relevance of the 12-hour ethics course to the purposes of the Nursing Act. Accordingly, we vacate the defendant's requirement that plaintiff complete said ethics course.

For the foregoing reasons, we affirm the order requiring plaintiff to cease and desist the practice of midwifery, suspending her nursing license and fining her; we vacate the requirement that plaintiff complete an ethics course.

Affirmed in part and vacated in part.

GALLAGHER and NEVILLE, JJ., concur.