Rule 23 order filed
March 5, 2008;
Motion to publish granted
April 7, 2008.

NO. 5-07-0108

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| MAKANDA TOWNSHIP ROAD DISTRICT, a Public Corporation, Acting by and Through Danny D. Williams, Highway Commissioner of Makanda Township, | ) Appeal from the<br>) Circuit Court of<br>) Jackson County.<br>) |
|     Plaintiff-Appellee and<br>    Cross-Appellant, | )<br>)<br>) |
| v. | ) No. 02-CH-29<br>) |
| DEVILS KITCHEN WATER DISTRICT, a Public Water District, | )<br>)<br>) |
|     Defendant-Appellant and<br>    Cross-Appellee. | ) Honorable<br>) Kimberly L. Dahlen,<br>) Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

Makanda Township Road District (Road District) sought injunctive relief, damages, and fines against Devils Kitchen Water District (Water District) involving certain water lines under Road District's roadways. The parties filed cross-motions for a summary judgment, and the trial court granted Road District's motions for a summary judgment with regard to the counts of the complaint seeking a declaratory judgment, injunctive relief, and the abatement of a nuisance. The rest of the claims were tried in a bench trial, at which time the court assessed fines and penalties against Water District. Water District appeals, and Road District cross-appeals the amounts of fines and civil penalties assessed. Township Officials of Illinois, an organization serving Illinois townships, has filed an *amicus curiae* brief on behalf of Road District.

Road District maintains roads within Makanda Township, located in Jackson County.

1

Water District has statutory authority to place water mains as a proper use of highways, along, on, under, and across any highway. 70 ILCS 3705/9 (West 2000). Based on this authority, Water District had previously established a water main along Wagon Wheel Road, located within Makanda Township. Water District also installed a water line along Autumn Ridge Road, which runs between Williamson County and Makanda Township. Prior to installing the water line on Autumn Ridge Road, Water District obtained a permit from the Williamson County highway commissioner, but not from Makanda Township, because Water District believed the new water line was only in Williamson County.

On February 15, 2000, the highway commissioner for Road District sent a letter to Water District concerning the water line along Wagon Wheel Road. The letter indicated that the road was to be resurfaced and that the water line must be relocated to a minimum of 18 feet from the centerline of the roadway. Water District responded that it needed a copy of the engineer's plans of the proposed improvements to allow Water District to evaluate where to locate, and at what depth to locate, its water main. No engineering drawings were provided, and Water District did not move the water line. On June 28, 2000, Road District sent another letter advising Water District of its intentions to work on Wagon Wheel Road. Water District again stated its position and set out a water main relocation request policy and procedure. Water District essentially believed that the current location of its water lines did not interfere with any proposed road improvements and that no relocation of its lines was necessary. No work has been done on Wagon Wheel Road to this date.

After the installation of the Autumn Ridge Road water line in 2001, substantial rains in the spring of 2001 created extensive water flow over the road. The damage was repaired by a private contractor at the request of Road District without any notification to Water District. After the repair work was completed, Road District sent Water District a letter listing the damages incurred and requesting reimbursement. No monies were sent.

2

By a summary judgment, the trial court established that the Water District was required to move its water mains based on the request of the highway commissioner. The court did not order damages for the repair of flood damage, however, because the repair was within Williamson County. The court did, however, determine that there would be a $50 fine for the placement of the water line on Wagon Wheel Road without permission and for Water District's refusal to remove the line. The court also ordered a penalty of $1 per day, per line, from December 25, 2001, until the two water lines were moved. Water District appeals, contending that the court's rulings in favor of Road District constitute an abuse of the court's discretion.

"When the parties file cross-motions for summary judgment, they concede the absence of a genuine issue of material fact and invite the court to decide the questions presented as a matter of law." *American Family Mutual Insurance Co. v. Niebuhr*, 369 Ill. App. 3d 517, 521, 860 N.E.2d 436, 440 (2006). A summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Chatham Foot Specialists, P.C. v. Health Care Service Corp.*, 216 Ill. 2d 366, 376, 837 N.E.2d 48, 54 (2005). Appellate review is *de novo*. *Chatham Foot Specialists, P.C.*, 216 Ill. 2d at 376, 837 N.E.2d at 55.

The underlying issue here requires a reconciliation of two competing statutory schemes. The first gives the appropriate highway authority the right to control the use of its roadway rights-of-way by water districts, sewer districts, and various utility companies to deliver services to their customers. 605 ILCS 5/1-101 *et seq.* (West 2000). The second grants water districts the right to lay pipe under and along public roads. 70 ILCS 3705/0.01 *et seq.* (West 2000). The question then becomes what happens when a water district and road district disagree over where to locate a pipeline in order to accommodate road improvements and repairs.

It must first be recognized that a highway commissioner's right to regulate its roadways for the safety and well-being of the public derives from the state's police power. See *North Park Public Water District v. Village of Machesney Park*, 216 Ill. App. 3d 936, 940, 576 N.E.2d 849, 852 (1990). A water district's rights are, on the other hand, statutory. Accordingly, our courts have determined that no matter how legitimate a water district's right to lay pipe under or along public roadways may be, that right must remain subordinate to the state's inherent right to manage the public roads for the public good. *North Park Public Water District*, 216 Ill. App. 3d at 940-41, 576 N.E.2d at 852-53; see also *Greater Peoria Sanitary & Sewage Disposal District v. Baise*, 234 Ill. App. 3d 622, 626, 600 N.E.2d 75, 78 (1992).

By statute, a water district has the absolute right to place water lines along township roads. 70 ILCS 3705/9 (West 2000). A water district does not, however, have the power to dictate where along the road its lines will be placed. A water district possesses nothing more than a mere license, a right to use the public right-of-way for its water mains. *North Park Public Water District*, 216 Ill. App. 3d at 938, 576 N.E.2d at 851. Only a township is charged with the overseeing and maintaining of township roads and protecting the public safety on these roads. See 605 ILCS 5/6-201.2 (West 2000). Accordingly, a water district must first obtain permission from the appropriate authority and must relocate its lines at its own expense, when requested to do so by the appropriate highway authority in order to accommodate repairs and improvements or otherwise facilitate the safe and effective operation of public roads. 605 ILCS 5/9-113 (West 2000); see *North Park Public Water District*, 216 Ill. App. 3d at 941, 576 N.E.2d at 853. Here, Water District had a legal duty to seek authorization from Road District prior to placing pipelines under or along any roadway in Makanda Township. The fact that Water District obtained a permit from Williamson County does not mean that a permit did not also have to be acquired from

4

Makanda Township when the roadway fell within both jurisdictions. Likewise, Road District had the authority to insist Water District move its lines if needed for improvement of the roadways. Road District has the power and authority to direct the relocation of water mains located within the right-of-way, and that authority is not conditioned by or subject to the authority of Water District to determine the suitability of the highway commissioner's plans. Accordingly, Road District was not required to submit engineering plans to Water District, and Water District had no authority to determine the adequacy of the plans of the highway commissioner. Again, since Water District holds only a license, it does not have a statutorily created property right allowing it to dictate the location of its water lines. Water District, therefore, should have moved its lines after its receipt of Road District's notice. Accordingly, we find no error with respect to the trial court's rulings in this instance. We also find no fault with the imposition of fines and penalties or the amounts imposed. See 605 ILCS 5/9-117 (West 2000). A trial court's decisions to impose a fine, provided that the fine is not mandatory, and set the amount thereof within the range specified are entitled to great deference and will not be overturned absent an abuse of discretion. See *Dombrowski v. City of Chicago*, 363 Ill. App. 3d 420, 432-33, 842 N.E.2d 302, 312-13 (2005). Water District here exhibited a long history of ignoring Road District's numerous requests to relocate its water lines so various improvement projects could be undertaken. As a result of Water District's refusal to cooperate, no road improvements have been made to date, and the safety of the public has been ignored.

For the aforementioned reasons, we affirm the judgment of the circuit court of Jackson County.


Affirmed.

5

GOLDENHERSH and WEXSTTEN, JJ., concur.

NO. 5-07-0108

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| MAKANDA TOWNSHIP ROAD DISTRICT, a Public Corporation, Acting by and Through Danny D. Williams, Highway Commissioner of Makanda Township, | ) ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiff-Appellee and Cross-Appellant, | ) ) ) ) | |
| v. | ) ) | No. 02-CH-29 |
| DEVILS KITCHEN WATER DISTRICT, a Public Water District, | ) ) ) ) | |
| Defendant-Appellant and Cross-Appellee. | ) ) ) ) | Honorable Kimberly L. Dahlen, Judge, presiding. |

**Rule 23 Order Filed:** March 5, 2008
**Motion to Publish Granted:** April 7, 2008
**Opinion Filed:** April 7, 2008

| | |
|---|---|
| **Justices**: | Honorable James K. Donovan, J. |
| | Honorable Richard P. Goldenhersh, J., and Honorable James M. Wexstten, J., Concur |

| | |
|---|---|
| **Attorney for Appellant** | P. Michael Kimmel, Gilbert, Kimmel, Huffman, Prosser & Hewson, Ltd., 102 Orchard Drive, P.O. Box 1060, Carbondale, IL 62903-1060 |

| | |
|---|---|
| **Attorneys for Appellees** | Gregory A. Veach, Attorney at Law, 3200 Fishback Road, P.O. Box 1206, Carbondale, IL 62903-1206 (for Makanda Township Road District) |
| | David O. Edwards, Colin M. Haley, Giffin, Winning, Cohen & Bodewes, P.C., One West Old State Capitol Plaza, Myers Building, Suite 600, Springfield, IL 62701 (*Amicus Curiae* brief for Township Officials of Illinois) |